**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Darrell D. Smith,

Petitioner,

v.

B. Eischen, Warden,

Respondent.

Case No. 24-CV-1551 (PJS/TNL)

**REPORT AND RECOMMENDATION**

---

Petitioner Darrell D. Smith commenced this action by filing a petition for a writ of habeas corpus challenging the manner in which the Federal Bureau of Prisons ("BOP") has calculated and applied time credits under the First Step Act of 2018 ("FSA") to his sentence. *See* Dkt. No. 1. This Court previously ordered Smith to show cause why his petition should not be denied without prejudice for lack of jurisdiction. *See* Dkt. No. 3. Time credits under the FSA may be applied either toward shortening the prisoner's sentence (by accelerating the date on which the prisoner is transferred to supervised release) or toward making the prisoner more eligible for prerelease custody than the prisoner would otherwise be. *See* 18 U.S.C. § 3632(d)(4)(C). But only 365 days of credit may be applied towards shortening the sentence; any remaining FSA time credits may be applied only towards eligibility for prerelease custody. *See* 18 U.S.C. § 3624(g)(3).

Smith's habeas petition made clear that the BOP had already applied 365 days of FSA time credits towards shortening his term of custody; all this case appeared to be about, then, was when Smith would become eligible for transfer on prerelease custody to a

residential reentry center or home confinement. It is well established, however, that a claim that a federal prisoner should sooner be transferred to prerelease custody amounts only to an attack on the conditions of the prisoner's confinement and therefore is not cognizable on habeas review. "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (citing *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014) and *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam)). Accordingly, Smith was ordered to show cause why this matter should not be summarily dismissed for lack of jurisdiction.

Smith has responded to the order to show cause with two "motions" that collectively raise four arguments regarding why this matter should not be dismissed. None of the arguments are availing.

First, the bulk of Smith's first response [ECF No. 6] consists of argument concerning the merits of his claim—that is, Smith dedicates most of his response to explaining why he believes that the BOP has miscalculated the FSA time credits he is owed. All of this aspect of the response is beside the point. The problem identified by this Court is jurisdictional—does the Court have the authority to consider Smith's habeas claim *at all*, as the claim relates only to the conditions of Smith's confinement? That Smith's claim might be meritorious if raised through an appropriate procedural vehicle does not affect whether the claim is cognizable on habeas review.

Second, Smith argues that he is in custody, and because he is in custody, habeas corpus is the appropriate procedural vehicle through which to seek relief. Being "in custody" is a *necessary* condition of seeking habeas relief—that is, a person must be in custody in order to be afforded habeas corpus relief, and a habeas corpus petition must be denied if the petitioner is not in custody at the time that his or her habeas petition is filed. *See* 28 U.S.C. § 2241(c); *Spencer v. Kenma*, 523 U.S. 1, 7 (1998). But being in custody is not a *sufficient* condition for seeking habeas relief; the prisoner must also be raising a claim that is appropriately presented through a habeas petition. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger*, 77 F.3d at 1073. And Smith's claim, at bottom, challenges only the conditions in which the final days of his sentence will be served (i.e., in prison or in prerelease custody), not the length of his custodial term.

Third, Smith cites cases from other jurisdictions in which habeas relief has been granted on behalf of prisoners seeking sooner transfer to prerelease custody under the FSA. *See, e.g.*, *Woodley v. Warden, USP Leavenworth*, No. 24-2053-JWL, 2024 WL 2260904, at *2-4 (D. Kan. May 15, 2024); *Jones v. Engleman*, No. 2:22-CV-5292-MCS (GJS), 2022 WL 6563744 (C.D. Cal. Sept. 7, 2022). Many of the cases cited by Smith fail to grapple with the issue of whether the petitioner's claims are cognizable on habeas review at all due to raising only conditions-of-confinement claims, and therefore the reasoning of those

cases is of limited persuasiveness.[1] In any event, this Court is obligated to follow the decisions of the United States Court of Appeals for the Eighth Circuit, and under Eighth Circuit case law, "[w]hen a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson*, 2022 WL 3135304, at *1 (collecting cases).

Fourth, Smith argues that the Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), renders his claim cognizable. He is mistaken. *Loper Bright* and the decision it overturned, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), concerned the deference owed by courts to an agency's interpretation of an ambiguous statute. The rule that conditions-of-confinement claims cannot be raised in a habeas petition does not derive from the BOP's interpretation of the FSA or another federal law; instead, the rule derives from prior judicial interpretation of the scope of the federal habeas statute. *See also Young v. Eischen*, No. 23-CV-3227 (PJS/JFD), 2024 WL 418702, at *3 (D. Minn. Jan. 3, 2024) ("But the question that ultimately is determinative in this proceeding is not whether the BOP's reconciliation of its conflicting statutory mandates is reasonable, but whether this Court has the authority to grant the relief sought by [petitioner]. The answer is no."). That *Chevron* is no longer good law is irrelevant to this case. *Loper Bright* did not invest the Court with jurisdiction over his habeas claim.

[1] Moreover, at least some claims relating to FSA time credits *are* cognizable on habeas review, as they affect the overall length of detention and not merely the conditions in which that detention is served.

None of Smith's arguments in response to this Court's order to show cause is availing. Accordingly, this Court concludes that Smith's claims are not cognizable on habeas corpus review and that his habeas petition should therefore be denied without prejudice for lack of jurisdiction. Only one other matter merits further comment.

This Court recognizes that the form in which a pro se litigant presents a claim should not necessarily dictate the outcome of a case and that, in appropriate circumstances, a claim may be reinterpreted into the correct procedural vehicle. *See Spencer*, 774 F.3d at 471. But reinterpretation of the habeas petition in this case as being a non-habeas complaint would likely be little help to Smith, who seems to acknowledge in his habeas petition (though he is elusive on this point) that he has not exhausted available administrative remedies for the specific claim being raised in his habeas petition. *See* Petition at 6-8 [ECF No. 1]. Exhaustion of administrative remedies would be a mandatory precondition of any non-habeas claim Smith might pursue. *See* 42 U.S.C. § 1997e(e). Moreover, a prisoner filing a non-habeas civil action is responsible for the entirety of the $350.00 statutory filing fee, regardless of whether the prisoner qualifies financially for *in forma pauperis* status, meaning that not only would Smith's claim remain subject to dismissal, but Smith would also owe the filing fee for the dismissed civil case. In any event, should this matter be dismissed for lack of jurisdiction, the dismissal would not preclude Smith from seeking relief through the correct procedural vehicle—though Smith is now on notice that he will owe the statutory filing fee for such a case.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Darrell D. Smith [Dkt. No. 1] be DENIED WITHOUT PREJUDICE for lack of jurisdiction.

2. This matter be DISMISSED.

3. Smith's pending motions in opposition to the Court's prior order to show cause [ECF Nos. 6 & 8] be DENIED.

Dated: September 12, 2024

*s/ Tony N. Leung*

Tony N. Leung
United States Magistrate Judge

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).